JOHN F. CODY v. EDMUND J. LONGYEAR.[1]

January 17, 1908.

Nos. 15,377—(162).

**Vice Principal.**

A vice principal who orders a workman into a place of danger and then, knowing that he is there and without warning, negligently starts machinery into operation by an act which under ordinary circumstances would have been performed by him in the capacity of a fellow servant, must be held to have acted as a vice principal in starting the machine, as well as in the previous act which placed the employee in the dangerous situation.

Action in the district court for St. Louis county to recover $2,765 damages for personal injuries. The case was tried before Ensign, J., and a jury which found in favor of plaintiff for $400. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*H. B. Fryberger,* for appellant.
*John Jenswold, Jr.,* for respondent.

[1] Reported in 114 N. W. 735.

ELLIOTT, J.

This was an action to recover damages for injuries received by the plaintiff while working on a diamond drill on the Mesabi Range. The plaintiff recovered a verdict, and the defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The principal question on the appeal arises upon an exception to the charge of the court that a certain person was a vice principal as a matter of law. The appellant contends that the question should have been submitted to the jury, and as upon this issue the appellant is entitled to have the evidence stated most favorably to him we adopt substantially his statement of the facts.

The appellant was operating a diamond drill outfit under the general control of one Schultz as foreman. On the day of the accident Schultz was absent, and another employee named Jacoby was acting as foreman in his place. The respondent, Cody, and the witness Meagher were working as helpers. The diamond drill outfit consisted of a tripod some twenty two or twenty four feet high, with slats nailed onto the legs, which made a ladder by which the helpers ascended or descended. Three scaffolds were so arranged as to divide the height of the tripod into three nearly equal parts. The engine was located near the foot of the ladder, and the drill was operated by a rope fastened to a drum at the engine and reached to a hammer at the top of the tripod. The rope ran up near the center of the ladder, so that it stood out from the ladder about sixteen inches at the bottom and eight inches at the top. By tightening the rope on the drum and then suddenly loosening it the hammer was allowed to drop. The plaintiff claimed that this resulted in considerable slack in the rope, while the defendant claimed that there was little or no slack. Jacoby, acting as a foreman and known as the "runner," was in general charge of the work. On the day of the accident the other helper, Meagher, was on the scaffold near the top of the tripod, fixing the casing, and Jacoby directed Cody to take up a piece of casing and fasten it on the top. After doing this he came down, and Jacoby started the engine. After dropping the hammer two or three times, he again stopped the engine and directed

Cody to take a Stilson wrench—a wrench three feet in length—and go to the top of the tripod and tighten the casing, which he had on the first trip screwed on with his hands. Meagher was still up there, steadying the casing. Cody did as directed, and was engaged for about a minute with his work. About this time the runner, Jacoby, called to Cody and asked if it was all right, and Cody "motioned yes" and started down the ladder. Jacoby, without waiting for him to come down, started the engine. Finding that he was embarrassed by the large wrench, Cody threw it to the ground and had taken one or two more steps down the ladder, when, it is claimed, the rope struck him and jerked him to the ground. As he started to fall, in trying to save himself, he threw out his hand in such a manner that his thumb came under the hammer and was crushed. The step of the ladder on which Cody stood was from six to eight inches long. He did not see the rope form a loop, but says that he knows that the rope was tangled up in his feet as he was trying to come down the ladder.

There is no claim that any part of the machinery was defective; but it is claimed that Jacoby negligently started the machinery after putting Cody to work in a dangerous place. The court charged the jury that as a matter of law the runner (Jacoby) was a vice principal and that his negligence was the negligence of the defendant. It is unnecessary to again review the cases in which we have developed and settled the principles by which to determine whether a person is a vice principal or a fellow servant, as they have all been reviewed in recent cases, such as Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696.

We are satisfied that the court properly held as a matter of law that Jacoby was a vice principal and was acting as such when he directed Cody to go to the top of the tripod and tighten the casing. Having put him in this position, which in view of the nature of the structure and the location of the rope must be conceded to have been dangerous, he was properly found negligent in then starting the machinery before Cody had an opportunity to come down from the dangerous place. It is conceded, or, at least, not very strenuously denied, that Jacoby was acting as a vice principal up to the time that he

started the engine; but it is claimed that at that point his character changed to that of a fellow servant. If Cody had been injured, while working in his ordinary place of work, solely by the negligent act of Jacoby in running the engine, while engaged in his ordinary work of operating the same, it is doubtless true that there could have been no recovery against the employer. But, when the servant was ordered into a dangerous place, it was the master's duty to see that the place was kept reasonably safe while the workman was there in obedience to his orders. Instead of doing this, the master, through his representative, with full knowledge of the conditions, made the place more dangerous than it had been when the order was given. A master is liable when the vice principal orders a workman into a dangerous place, and then, knowing him to be there, by a negligent act makes the place more dangerous, and thus causes an injury to the workman. The case is governed by the principle which was applied in Barrett v. Reardon, 95 Minn. 425, 104 N. W. 309. See also Illinois Southern v. Marshall, 210 Ill. 562, 71 N. E. 597, 66 L. R. A. 297.

The court submitted the questions of negligence of the defendant and the contributory negligence of the plaintiff to the jury under proper instructions, and we find no reason for questioning the correctness of the jury's conclusions on either issue. The evidence clearly required the question of contributory negligence to be submitted to the jury.

The order is affirmed.