NESTOR RAITILA v. CONSUMERS ORE COMPANY.[1]

February 5, 1909.

Nos. 15,910—(209).

**Negligence of Vice Principal.**

> In an action to recover damages alleged to have been caused by the
> negligence of the defendant, it is *held* that the evidence sustains the con-
> clusions of the jury that a vice principal directed a workman to work
> at a particular place, and then, without giving the usual signal, by his
> negligent act rendered the place dangerous, whereby the workman was
> injured.

Action in the district court for St. Louis county to recover $10,526
damages for personal injuries sustained while plaintiff was working
as pitman in defendant's mine. The allegations of negligence in the
complaint were as follows:

"That plaintiff and five of his co-employees, all known as pitmen,
were sent by defendant to clean said ore from said track; that plain-
tiff took a shovel and began shovelling the fine ore off the track; that
in doing said work his back was necessarily turned toward the other
members of the gang who were engaged in placing a chain around
one of the big, frozen chunks; that when the chain had been adjusted
said chunk was lifted by order of the defendant, by use of a steam
engine, situated upon said steam shovel, and swung around in such
a way as to be directly over where plaintiff was engaged in said work;
that said chunk was so moved without any notice or warning to plain-
tiff; that when it had reached a point directly over the plaintiff said
chunk fell upon plaintiff, and broke his right leg at the ankle and
also injured plaintiff's hips and back."

"That the said plaintiff did not at any time prior to said injury
know, or have an opportunity to know that the chunk that fell upon
him was being moved in such a way as to endanger him, or to be over
his place of work. That it was also the duty of the said defendant
to furnish sufficient lights situated at convenient places so that the
plaintiff's said place of work should be properly lighted."

[1] Reported in 119 N. W. 490.

The case was tried before Cant, J., and a jury which returned a verdict in favor of plaintiff for $3,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. C. Kennedy*, for appellant.

*John R. Heino* and *Theo. Hollister*, for respondent.

ELLIOTT, J.

In a personal injury action the plaintiff recovered a verdict, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. It is conceded that the respondent was injured while in the employ of the appellant, and the question on this appeal is whether he was injured under conditions which bring the case within the rule of Barrett v. Reardon, 95 Minn. 425, 104 N. W. 309, Berneche v. Hilliard, 101 Minn. 366, 112 N. W. 392, Cody v. Longyear, 103 Minn. 116, 114 N. W. 735, and Dizonno v. Great Northern Ry. Co., 103 Minn. 120, 114 N. W. 736, or of Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696, and cases of that character. The distinction between these classes of cases is noted in the recent case of Lohman v. Swift & Co., 105 Minn. 148, 117 N. W. 418.

The appellant was operating an iron mine, and the respondent was in its employ working as a pitman. The ore was being taken from open pits by means of a steam shovel, which was being operated by a crew consisting of an engineer, craneman, foreman, and six pitmen. The ore and chunks of frozen dirt were being loaded onto cars, which were run upon a loading track situated about twenty feet from the track upon which the steam shovel operated. The ore was taken from the front of the shovel by a dipper, which was swung by means of a crane and boom to the loading track and there dumped onto the cars. When the ore had been taken out for a short distance in front of the steam shovel, the shovel was moved forward on the track. The track was then taken up from the rear of the shovel and placed in the front. The engineer who was in charge of the work was stationed on the shovel and operated the machinery which controlled the crane and dippers. As the cars were being loaded, more or less ore and dirt would fall upon the track, and this had to be cleaned away before

another train of cars could come upon the track and be loaded. It was part of the respondent's duty to assist in cleaning this track.

The accident occurred at night, but the place was well lighted by means of artificial lights. A train load of ore had been taken away, and considerable ore and dirt remained on the loading tracks. The engineer called out, "Clean the track, everybody." The respondent took a shovel from the side of the car in full view of the engineer and went forward upon the track, where he commenced scraping and shoveling the dirt away. The other pitmen took the chain and put it around a chunk of frozen earth which had rolled upon the track. After the men had secured the chain around this chunk, one of them indicated to the engineer that it was all right, and without giving the customary warning, by calling "Look out!" or some such expression, the engineer started the engine, and the chunk of frozen dirt was lifted from the ground and swung around until it struck the respondent and broke his leg.

The situation was thus summarized by the trial court: The "plaintiff was directed to work at a particular place. While engaged in carrying out said direction the place in question was rendered unsafe by the act of the engineer. While plaintiff was working at the place to which he had been directed, it was the duty of the engineer to exercise ordinary care in seeing that such place was not rendered unsafe without giving plaintiff reasonable warning thereof." We think this fairly states the case. The question whether the engineer was a vice principal was submitted to the jury as a question of fact, and the evidence sustained the conclusion that he was acting in such capacity.

It is claimed that the pleadings were not in such condition as to justify submitting to the jury the question whether the respondent was ordered into a place of danger, which was afterwards rendered more dangerous without giving him proper warning. The allegations of the complaint are not very clear; but the question of variance was not raised until after the case reached this court, and on the merits we think it was not of sufficient importance to justify a reversal. Section 4158, R. L. 1905.

The questions raised upon the instructions given have been considered and found without merit.

Order affirmed.