JOSEPH HIRSCH v. ALEXANDER Y. BAYNE and Others.[1]

July 29, 1910.

Nos. 16,661, 16,662—(204, 205).

**Questions of negligence and contributory negligence for the jury.**
    The plaintiff was injured by falling from the false work of Fort Snelling
    bridge while working thereon as an employee of the defendants. He brought
    this action for damages, and obtained a verdict for $12,000. The trial court
    denied defendants' motion for judgment, but granted a new trial on the
    ground that the award of damages was excessive. *Held*, that the questions
    whether the defendants' foreman was a vice principal and negligent, and
    whether the plaintiff was negligent, were questions of fact, and that the
    trial court did not err in granting a new trial.

Action in the district court for Hennepin county to recover $20,-
000 for personal injuries sustained while in defendants' employ as
an iron worker. The facts are stated in the opinion. The com-
plaint alleged that the injuries to plaintiff were caused solely by
the negligence of defendants in ordering McCrea away from the post
of duty without notice or warning to plaintiff, by their failure to
establish rules for the conduct of the work and to adopt a reason-
ably safe plan for doing it. The reply was a general denied. The
case was tried before Booth, J., and a jury which returned a ver-
dict in favor of plaintiff for $12,000. From an order denying de-
fendants' motion for judgment notwithstanding the verdict, they
appealed. From an order granting defendants' motion for a new
trial, plaintiff appealed. Affirmed on both appeals.
    *A. H. Noyes* and *P. J. McLaughlin,* for plaintiff.
    *Boutelle & Chase* and *Arthur M. Higgins,* for defendants.

START, C. J.
On November 6, 1908, the plaintiff was in the employ of the de-

[1]Reported in 127 N. W. 389.

fendants, who were then engaged in erecting a bridge across the Mississippi river at Fort Snelling. While at work on the false work of the bridge, he fell to the ground, some eighty feet below, whereby he was seriously injured. He brought this action in the district court of the county of Hennepin against the defendants to recover damages for his injuries, on the ground that his fall was caused by the negligence of the defendants. The answer denied any negligence on the part of the defendants, and alleged that the plaintiff was injured by reason of his own negligence. These issues were submitted to the jury, and a verdict returned for the plaintiff in the sum of $12,000.

Thereupon the defendants made a motion for judgment notwithstanding the verdict or for a new trial. The trial court made its order denying the motion for judgment and granting a new trial on the sole ground that the assessment of damages was not justified by the evidence, but was so excessive as to appear to have been given under the influence of passion and prejudice. The court was of the opinion that it was a case in which justice would be best served by granting a new trial, instead of providing for a reduction of the damages. The plaintiff appealed from the order granting a new trial, and the defendants from the whole order.

The first question to be considered is whether, as a matter of law, upon the whole evidence, the defendants were entitled to an instructed verdict in their favor. It is urged by their counsel that they were entitled to such instruction, because the evidence is conclusive that they were not negligent, but the plaintiff was.

The evidence relative to the alleged negligence of the defendants was conflicting in some material respects; but, taking the most favorable view of it for the plaintiffs, as we must for the purposes of this appeal, there was evidence tending to establish these facts: The crew, of whom the plaintiff was one, engaged in erecting the false work, consisted of ten men under the charge of a foreman, Frank Jenkins, who had sole control of the crew and the work, with authority to direct them where to work and what to do, and to discharge them for disobedience of his orders; that on the morning of the accident the plaintiff and John McCrea, also one of the crew,

were directed by the foreman to put in cross-braces on a bent of the false work which had been lifted to its place; that the execution of the order necessitated the boring of holes through the braces and the legs of the bent, and inserting in the holes iron bolts, and fastening them with nuts; that in doing such work it was necessary that a man should descend from the top, along the face of the false work, to the place where the work was to be done, and the only appliance furnished by the defendants for the work was a "boatswain" chair, consisting of a plank four to five feet in length and about twelve inches in width, with a rope fastened to each end of the plank and to a ring at a suitable distance above it, and to the ring was attached a single rope some seventy-five feet in length; that it was customary, when such work was to be done, for the workman who was to bore the holes and insert the bolts to get into the chair, and for another employee of the defendant to wrap the end of the rope around the cap and ease or snub the rope, letting the man in the chair down to the place where the work was to be done, and while he was doing it the man on top would by means of the rope hold the chair in place; that this was the method adopted by the plaintiff and McCrea to execute the order of the foreman, and it was the only way it could be executed by the appliances furnished by the defendants; that, after the plaintiff had completed his work of bolting the lower brace to the leg of the bent, he stepped from the chair onto the false work and waited for the next brace to be brought up, McCrea remaining on the top cap at the rope which held the chair in place; that shortly thereafter the foreman directed McCrea to leave his position, and necessarily the rope, to get a line some seventy-five feet away, and he obeyed the order, leaving the rope unfastened, but the plaintiff did not hear the order given, nor did he know that the rope was left unattended and unfastened; that the foreman then directed the plaintiff to get an auger which was in the chair; that in complying with the order he necessarily stepped into the chair, which gave way, throwing him to the ground some eighty feet below; and, further, that the magnitude, character, and incidental dangers of the work of constructing the false work were such that reasonable prudence and care on the part of the defendants required supervision and the

giving of orders to the men engaged as to where and how they should work in order to conserve their safety, and the duty of giving such orders was left to the foreman.

The jury were instructed that if they found from the evidence that the work was of the magnitude and character indicated, and the foreman was intrusted with the duty of giving proper orders, then his negligence in the premises, if any, would be that of defendants; but, on the other hand, if the work was not of such character and magnitude, then the negligence of the foreman would not be that of defendants, and the verdict must be for them. It must be assumed that the jury, in returning a verdict for the plaintiff, followed the instructions of the trial judge; hence the question for our decision is whether the evidentiary facts we have indicated justify the conclusion that the foreman was a vice principal.

The evidence was sufficient, if satisfactory to the jury, to establish the negligence of the foreman; for there was evidence tending to show that he ordered McCrea from his position at the rope and the plaintiff to get the auger in the chair without warning him that it had become a place of extreme peril by sending away the man who was at the rope which held the chair in mid-air. We are of the opinion that the evidence was sufficient to sustain a finding and conclusion that the foreman in giving the orders was a vice principal, and therefore the question of the negligence of the defendants was for the jury. Carlson v. N. W. Tel. Exch. Co., 63 Minn. 428, 65 N. W. 914; Abel v. Butler-Ryan Co., 66 Minn. 16, 68 N. W. 205; Holman v. Kempe, 70 Minn. 422, 73 N. W. 186; Dizonno v. Great Northern Ry. Co., 103 Minn. 120, 114 N. W. 736; Fitzgerald v. International Flax Twine Co., 104 Minn. 138, 116 N. W. 475; Raitila v. Consumers Ore Co., 107 Minn. 91, 119 N. W. 490; Anderson v. Pittsburgh Coal Co., 108 Minn. 455, 122 N. W. 794.

The defendants further contend that the plaintiff was guilty of contributory negligence as a matter of law in failing to look up to ascertain if McCrea was there, in failing to holloa or call to him to ascertain if he was there, in failing to take hold of the drop in the line, together with the line attached to the chair, instead of

taking hold of the chair line alone, in putting his foot in the chair, instead of reaching over and getting the auger, or pulling the chair toward him and taking the auger from the chair, and, further, in stepping into the chair without first ascertaining if it was secure. A consideration of the whole evidence as to this question has led us to the conclusion that it was one of fact, and not of law. It follows that the defendants' motions for a directed verdict and for judgment absolute in their favor were correctly denied.

This brings us to the plaintiff's cross-appeal. His counsel urges, in this connection, that the evidence as to the extent of plaintiff's injury so fully and completely sustains the award of damages that it was reversible error for the court to grant the defendants' motion for a new trial on the ground of excessive damages, but, if this court should hold otherwise, that it modify the order granting the new trial by conditionally reducing the verdict to such sum as the court deems just and fair. The trial court considered the question of reducing the amount of the verdict, and concluded that justice would best be served by granting a new trial. In view of the evidence relevant to the primary issues, and also the evidence as to plaintiff's injuries, we are of the opinion that the trial court did not abuse its discretion in refusing to reduce the verdict, nor in granting a new trial on the ground that the damages were excessive. Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 Am. St. 462; Goss v. Goss, 102 Minn. 346, 113 N. W. 690.

Order affirmed on both appeals.