# LARS LARSON TENDALL v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 17, 1911.

Nos. 16,806—(201).

**Vice principal — questions of fact.**

While a wrecking crew was engaged in raising a box car, plaintiff was directed by the foreman to take a position at one end of the car, which remained fastened when the power was applied, and to pry up with a pinch bar. The foreman assisted with another bar, when the car suddenly swung towards the plaintiff and caught his foot under the bar. *Held:*

1. The foreman was a vice principal.

2. Whether defendant was guilty of negligence in ordering the plaintiff to assume a dangerous position without proper instructions or warning was a question of fact.

3. It was also a question of fact whether plaintiff assumed the risk.

Action in the district court for Kandiyohi county to recover $10,000 for personal injuries sustained while in defendant's employ. The facts are stated in the opinion. The case was tried before Qvale, J., and a jury which returned a verdict in favor of plaintiff for $870. From an order vacating and setting aside the verdict and ordering judgment for defendant notwithstanding the verdict, plaintiff appealed. Reversed and verdict reinstated.

*Ludvig Arctander* and *R. W. Stanford,* for appellant.

*J. D. Armstrong, C. H. Winsor,* and *Samuel P. Porter,* for respondent.

[1]Reported in 130 N. W. 22.

[Note] Vice-principalship considered with reference to rank of superior servant, see note in 51 L.R.A 513.

Vice-principalship as determined with reference to character of act causing injury, see note in 54 L.R.A. 37.

LEWIS, J.

Respondent sent a wrecking crew and wrecking car in charge of its foreman, Landberg, to remove a box car, which was resting on old cross-ties on the ground. Landberg spotted the wrecking car on an adjacent track, caused the boom or crane to be placed in position over the box car, and a chain to be placed around its middle, which was hooked to the crane. The end of the crane stood at a point about two feet west from the middle of the car, with the result that when the crane was raised the strain was applied laterally towards the west, and the east end of the box car was lifted from six inches to a foot; but the west end was held by a projection in one of the cross-ties and by the ice. Landberg caused the box car to be left in that position, and attempted to release it with a pinch bar, which he applied to the north side, next to the wrecking car, close to the west end. Failing to release it, he directed plaintiff to apply another pinch bar at the west end of the car, near the southwest corner. Two other men assisted plaintiff, and Landberg returned to the north side, and all of them were engaged in prying, when the car became loose, slid along close to the ground to the west towards plaintiff, caught the pinch bar, and pressed it to the ground, with plaintiff's foot pinioned underneath.

Negligence is charged in ordering plaintiff to assume a dangerous position in which to work without proper warning or instruction. Plaintiff secured a verdict, and on motion the court granted judgment notwithstanding the verdict, upon the ground that the foreman and plaintiff were fellow servants and that appellant assumed the risk.

It was conceded at the argument that Landberg was a vice principal up to the time all began to pry up the car; but it was claimed that they then became engaged in a common enterprise, and the relation of vice principal and laborer ceased. A little reflection will disclose the fallacy of this position. If the plaintiff was subject to the control of the master at the time, and in obedience to orders took a position at the west end of the car for the purpose of applying the bar, at what particular point of time did the relation of master and servant cease? If the relation existed up to the time plaintiff took

his position, it continued to exist while engaged in carrying out the orders. And if plaintiff had the right to assume that the master would exercise due care for his protection, then Landberg's action in assisting to lift the car did not convert himself from a master into a fellow servant. The servant was justified in remaining at his post with the assurance that his superior would exercise reasonable care to protect him. Barrett v. Reardon, 95 Minn. 425, 104 N. W. 309; Cody v. Longyear, 103 Minn. 116, 114 N. W. 735.

Whether the defendant was negligent was fairly a question of fact. It is plain, from the manner in which the crane was placed and the chain attached, that the car would not rise evenly when the power was applied. As the car arose, and it became manifest that the west end was fastened, Landberg must have known that there would be a decided lateral movement when that end was released. The plaintiff was entitled to the judgment of the jury whether or not the man in charge of the operations should have anticipated the result which followed.

Whether plaintiff assumed the risk was also a question of fact. His conduct must be judged by his experience, his means of observation, and by the fact that he was subject to the orders of his superior. The case was properly submitted to the jury, and the trial court was in error in directing judgment for defendant notwithstanding the verdict.

It is therefore ordered that the order appealed from be reversed, and that the verdict be reinstated.

JAGGARD, J., took no part.