KNEELON B. BRALEY vs. PATRICK BYRNES.

April 26, 1875.

New Trial granted for Erroneous Ruling as to Facts, not really material, but closely connected with the Issue.—Where a trial court charges the jury erroneously as to the law applicable to certain facts appearing in the case, such facts being closely connected with the issues, though really not material, and the jury may be led by the charge to believe them material, so that this court cannot say that it is clear that no prejudice resulted from the charge, a new trial should be granted. In such a case, the decision of the trial court ordering a new trial is entitled to great weight.

Chattel Mortgage—Mortgagee's Right to Possession of Property.—A mortgagee, authorized by the mortgage to take possession of the mortgaged chattels at any time he may think proper, may take the property from the mortgagor's possession, without his permission.

Action to recover certain personal property, being part of the furniture of a hotel in Faribault, mortgaged to plaintiff by one Root, and taken by the defendant, as sheriff, from Root's possession, by virtue of a writ of attachment against Root's property, at the suit of one Greene. A former appeal in the case is reported, 20 Minn. 435.

At the second trial in the district court for Rice county, before *Lord*, J., it appeared that Greene held a mortgage from Root upon all the furniture of the hotel, and also an unsecured claim against him to the amount of about $800. The mortgage, by its terms, authorized Greene " for further security, to take the said goods, chattels and property into his possession at any time when he may think proper." In the afternoon of November 5, 1872, the defendant, having a copy of the mortgage, and a letter from Greene directing him to take possession of the mortgaged property, went to the hotel, which was occupied and kept by Root, for the purpose of taking the property, but was refused admission, whereupon he set deputies to watch the house during the night. On the same day, the affidavit, etc., on which to obtain an attachment in a suit on Greene's unsecured claim, were prepared and sent to Northfield, that the allowance of a writ of attachment might be obtained from the court commissioner of the county. Early in the morning of November 6, the plaintiff's and Root's attorney paid off Greene's mortgage, at the bank where the note was deposited for collection, with money furnished by plaintiff the evening before ; and this having been done, Root executed to plaintiff a mortgage upon a portion of the furniture to secure the money so advanced by him, and immediately afterwards a second mortgage on the same furniture, to one Hildreth. The mortgage to plaintiff was filed at seven o'clock in the morning of November 6th, and that to Hildreth about

fifteen minutes later. Plaintiff's mortgage contained a clause as to his taking possession of the property, identical with that already quoted from Greene's mortgage. On the morning of the same day, the attachment papers having been returned from Northfield, a writ of attachment was issued in the suit of Greene against Root, and, with the summons and complaint, delivered to the sheriff, who at half-past seven o'clock on the same morning levied upon the property in question, under the attachment. The plaintiff afterwards served on the defendant the proper affidavit, and made due demand for the property.

The principal question at the trial was upon the *bona fides* of plaintiff's mortgage, and upon this issue considerable testimony was introduced as to the conduct of plaintiff and Root, and their attorney, on the evening of the 5th and the morning of the 6th.

The court, at plaintiff's request, instructed the jury: "The sheriff and his deputies had no right to enter the house, or take possession of the property, by virtue of the copy of the chattel mortgage, and letter of Greene, without the permission of Root," to which the defendant duly excepted.

After verdict for plaintiff, the defendant moved for a new trial, on the ground that the verdict was against evidence, and for errors of law. The motion was granted, upon the ground that the foregoing instruction was erroneous, and the plaintiff appealed.

*Geo. N. Baxter*, for appellant.

*Gordon E. Cole*, for respondent.

GILFILLAN, C. J. A motion for a new trial was made below, upon the grounds that the verdict was not justified by the evidence, and for errors occurring at the trial. The court below granted a new trial, for error in the instructions to the jury, not passing upon the sufficiency of the evidence.

It is argued here that if the court below erred in granting the new trial, on the ground upon which it was granted, still, as the defendant was entitled to a new trial, for insuffi-

ciency of the evidence to sustain the verdict, this court ought not to reverse the order.

It is unnecessary for us to pass upon the sufficiency of the evidence, or to consider (what we very much doubt) whether this court will ever pass upon the sufficiency of evidence to sustain a verdict, until it has been passed upon by the court below; for the court below was right in granting a new trial, for misdirection to the jury. Where the court states erroneously, in its instructions to the jury, a mere abstract proposition of law, a new trial will not be granted on that ground, if it is clear that the jury could not have been misled by it. But the instruction in this case was not a mere abstract proposition. It refers to certain facts in the case, and erroneously instructs the jury as to the law applicable to those facts. Though those facts were really not material to the case, yet they were so closely connected, in time and sequence, with the real issues, that the jury might very well believe, from the fact of the court stating the law applicable to them, that they had a material bearing on the issues, and the law applicable to them was stated erroneously in the charge of the court. It is not clear that no prejudice resulted from the erroneous statement of the law, and where that is not manifest, a new trial should be granted. The court below, on the motion for a new trial, decided that the error may have influenced the jury. That court had much greater advantages than we can possibly have, from a printed statement of the case, to determine whether, under the circumstances and course of the trial, such a charge may have affected the verdict, and we give great weight to its decision on the question. It is evident, because the charge was given at his request, that the plaintiff thought that it would influence the verdict in his favor. The order granting a new trial is affirmed.