HENRY S. FAIRCHILD *vs.* ARTHUR H. ROGERS.

July 7, 1884.

**Executory Contract—Breach—Damages—Profits.**—Upon the breach of an executory contract, whereby the injured party is prevented from performing on his part, and from realizing a profit which was contemplated by the terms of the contract as a result of the performance of it, a recovery of damages may be had equal to the profit which would have accrued directly from the performance of the contract.

**Same—Contemplated Profits—Evidence.**—The fact that the contemplated profit would have been realized but for the breach complained of, and the amount of the same, need not be proved to an absolute certainty. Proof to a *reasonable certainty* is sufficient.

**Same—Evidence—Sale of Land by Agent.**—Facts considered as sufficient to establish the conclusion that an agent for the sale of certain land would have sold it within a prescribed time, and for a price largely in excess of a sum named.

**New Trial—Misleading Instruction.**—Order granting a new trial, for the reason that the charge was liable to mislead the jury as to the law of the case, sustained.

**Contract to Sell Land—Restraint of Power of Alienation.**—A contract of a land-owner with an agent, whereby the latter is given the exclusive right to sell the land for a period of 60 days, is not in restraint of the power of alienation.

Plaintiff brought this action in the district court for Ramsey county, to recover $4,000 damages for an alleged breach of contract. The contract alleged in the complaint was that the defendant, in consideration of $250 paid to him by the plaintiff, agreed that plaintiff should have the exclusive right, for sixty days, to sell certain real estate in the city of St. Paul, belonging to the defendant, the plaintiff to retain all that he should obtain therefor in excess of $36,000. The alleged breach was a sale by defendant himself, during the sixty days, for $40,000, and his refusal to pay the excess over $36,000 to plaintiff. The contract was verbal, and was denied by defendant, who admitted a sale by himself for $37,500.

At the trial before *Simons*, J., the court instructed the jury that if

they should find for plaintiff, "he would be entitled, as damages, to the difference between $36,000, and the sum you are satisfied that he could and would have sold the property for above that sum, less what it would have cost him to make the sale." The defendant requested the following instruction: "The plaintiff is not, in any event, entitled to recover, as damages for any actual or pretended loss by reason of being deprived of the benefits of his alleged privilege, possible gains he might have been entitled to, had he sold the land himself. Such gains are too remote, speculative and conjectural to be taken into consideration." This the court gave, with the following comment: "If there was a mere possibility, gentlemen, and nothing more, that the plaintiff might realize profits and gains by performing such contract, such profits and gains are too remote, speculative and conjectural to warrant you in taking them into consideration." The plaintiff excepted to the instruction thus given in answer to defendant's request. The verdict being for defendant, a new trial was granted, on the ground that the instruction excepted to was erroneous. The defendant appeals.

O'Brien, Eller & O'Brien, for appellant.

Bigelow, Flandrau & Squires, for respondent.

DICKINSON, J. 1. We will first consider whether a recovery of substantial damages by the plaintiff could have been sustained. Both by the complaint and the evidence such recovery was confined to a loss of anticipated profit which the plaintiff might have realized from a sale of the property by him as defendant's agent. It is contended that such contemplated profit is not recoverable. The recovery sought can only be opposed upon the ground that the *fact* of a loss of profit, and the *amount* of it, were not proved; that it did not appear that the plaintiff would have sold the land if his authority had not been terminated by the defendant, nor for how much he would have sold it. It may be conceded to be the general rule that loss of profits affords no basis for the awarding of damages for breach of contract, in cases where the profits were to have accrued from some engagement or contract independent of and collateral to the principal contract, for the breach of which the action is brought; that is to say, in cases where the contemplated profits do not either arise nat-

urally,—that is, in the usual course of things,—from the breach itself, or are not such as may reasonably be supposed to have been contemplated by the parties, when making the contract, as the probable result of the breach. But the reason which governs such cases has no application in a case like that under consideration, where the anticipated profit was to have been realized directly from the contract which these parties are alleged to have made. By the very terms of the contract, the plaintiff, by the performance of it, was to realize the very profit which he claims to have lost by the breach complained of, and for which he now seeks to recover damages. There is no legal reason for denying the right to recover such profits as the parties contemplated as the direct result of the contract. *Morrison* v. *Lovejoy,* 6 Minn. 224, (319;) *Fox* v. *Harding,* 7 Cush. 516; *Masterton* v. *Mayor of Brooklyn,* 7 Hill. 61; *Devlin* v. *Mayor of New York,* 63 N. Y. 8; *Town of Royalton* v. *Royalton & W. Turnpike Co.,* 14 Vt. 311; *McAndrews* v. *Tippett,* 39 N. J. Law, 105; *Richmond* v. *Dubuque & S. C. R. Co.,* 40 Iowa, 264; s. c. 33 Iowa, 422, 501, 502; *Hoy* v. *Gronoble,* 34 Pa. St. 9; *Burrell* v. *N. Y. & Saginaw Salt Co.,* 14 Mich. 34; *U. S.* v. *Speed,* 8 Wall. 77; *Cook* v. *Com'rs Hamilton Co.,* 6 McLean, 612. But one seeking a recovery must show by proof both his right to recover, and the measure or extent of the loss or injury for which he demands compensation. It was necessary for the plaintiff to prove that he would have sold the land for a price exceeding $36,000, within the time fixed by the contract, if his authority had not been terminated. It was not necessary, however, that the evidence should show this to an absolute certainty. Proof establishing the facts, in the estimation of the jury, to a reasonable degree of certainty, would be sufficient. *Goebel* v. *Hough,* 26 Minn. 252; *Allison* v. *Chandler,* 11 Mich. 542; *Chapman* v. *Kirby,* 49 Ill. 211; *Simmons* v. *Brown,* 5 R. I. 299. See, also, cases previously cited.

In the cases we have cited, as in this case, the result depended upon facts which were not susceptible of certain, absolute proof; such as the profits which might have accrued from an established mercantile business; what it would have cost to manufacture machinery; to construct salt-vats; to build a bridge; to erect a court-house; to quarry and transport stone during a period of years; to construct a tunnel

in the earth; the profit which might have resulted from the cultivation of a farm, or from the manufacture and sale of cloth.

A case more precisely like that before us was *Alexander* v. *Breeden,* 14 B. Mon. 125. The defendant, the owner of real estate, by contract made the plaintiff his agent to sell it for the price of $2,050. The plaintiff was to have $50 as his compensation. A purchaser called upon the agent and procured a description of the property, the price, and the name of the owner. He then went to the owner and purchased from him for $2,000. Plaintiff sued to recover the $50 agreed upon as his compensation for a sale. The court, reviewing the facts proved, considered that there was no positive testimony that the agent could have made the sale for $2,050, but that the circumstances persuasively showed that he could have done so. A recovery was therefore allowed.

When the power of this plaintiff to sell was terminated by the sale of the property by the defendant, 13 days remained of the 60 days during which, as the proof tends to show, plaintiff had an exclusive right to sell. The market value of the property, as appears by all the evidence, exceeded $36,000, the sum which defendant was to realize from any sale that might be made. Of several witnesses testifying as to value, only one places it as low as $37,500; others make it $45,000, or more,—a sum $9,000 in excess of the amount which defendant was to receive out of the purchase price if plaintiff had effected a sale. The evidence tended to show that the land was then rising in value; that the real estate market was active; that property in this vicinity was easily salable for its value; that nearly every piece of property in the vicinity, that was put upon the market, was readily sold at that time; and that, before the defendant sold the property, the plaintiff had offered it to the same person who became the purchaser. This evidence was such as might have established the fact, with reasonable certainty, in the minds of the jury, that the plaintiff would have effected a sale for an amount largely in excess of $36,000, if his alleged contract right had not been interrupted; and from it the jury would have been warranted in determining upon some certain sum for which, in all probability, a sale would have been made, and which would have determined the amount of the plaintiff's recovery.

The position of the defendant on this appeal, that no new trial should be allowed because it is apparent that no recovery can be had except for merely nominal damages, is therefore not sustained.

2. The general charge of the court to the jury was in accordance with the law as here expressed; but a new trial was allowed, for the reason that it was apprehended that the jury may have inferred, from the instruction recited in the statement of the case, that even if they were satisfied that the plaintiff would have sold the land for more than $36,000, still he might not recover. We need not consider whether such is really the import of the instruction presented to the jury at the request of the defendant. It is so framed that, being presented orally to the jury, who had no opportunity to study critically the language used, it might convey to their minds the erroneous meaning above referred to. We are not satisfied that such was not the case. It should require a clear case of error or abuse of discretion to warrant the reversal of an order of a trial court awarding a new trial for apprehended misconception on the part of the jury of the law of the case.

3. The point that the contract upon which the action was brought was of a nature to restrain the free alienation•of real property, and hence void, is not tenable. The contract had no such effect.

Order affirmed.