ZEPHERIN DEMUELES *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY
COMPANY.

### November 1, 1890.

**Railway in Street—Damages to Owner of Land Abutting on Opposite
Side of Street.**—*Adams* v. *Chicago, B. & N. R. Co.,* 39 Minn. 286, fol-
lowed upon the point that, in assessing damages to the owner of land
abutting on a public street, for the construction and maintenance of a
railroad in that part of the street opposite the plaintiff's premises, dam-
ages are not, in general, to be included for the construction and mainte-
nance of the railroad through other parts of the street.

**Appeal—Order Granting New Trial for Insufficient Instructions.**—An
order of a trial court, granting a new trial for what that court deemed
to have been insufficient, and perhaps misleading, instructions to the
jury, will not be reversed unless it is very apparent that such apprehen-
sions of the trial court were without reasonable foundation.

Appeal by plaintiff from an order of the district court for Hennepin
county, *Lochren, Hicks* and *Smith,* JJ., presiding, granting a new trial
after a trial before *Hicks,* J., and verdict of $1,000 for plaintiff.

*H. C. Truesdale,* for appellant.

*D. A. Secombe,* for respondent.

DICKINSON, J.　The plaintiff, the owner of a lot of land situate on
the east side of Ramsey street in the city of Minneapolis, prosecutes
this action to recover damages for injury to the property caused by
the construction and operation of a railroad along the west half of
the street, opposite the premises of the plaintiff.　After trial and a
verdict in favor of the plaintiff, the court granted a new trial for the
reason, as expressed in its order, that it was considered that in the
charge to the jury the court "did not fully state the law relating to
the rights of the plaintiff in and to the street in front of the premises
of plaintiff, and applicable to the evidence in this case, whereby the
jury might be, and probably were, misled as to the amount of plain-
tiff's damages."　We are not informed, save by this general reference
to the charge, as to the particulars in respect to which the court
deemed its charge to have been defective or misleading; and we can

only infer what this may have been from a reading of the whole instruction in connection with the evidence. It seems probable that one of the matters thus referred to was an instruction that the rule of damages was the difference between the rental value of the property "as it now stands, with the railroad constructed *upon the street,* and what the value would be were the railroad track not there." While it was probably not intended to convey the meaning which this language, unqualified, seems to bear, the court was reasonably justified in the apprehension that the jury may have been led to suppose that damages might be assessed for such diminution of the rental value as may have resulted from the construction and maintenance of the railroad *in that street,* and not merely in that part of the street opposite the plaintiff's premises. Thus understood, the instruction would have been erroneous. *Adams* v. *Chicago, Burlington & Northern R. Co.,* 39 Minn. 286, (39 N. W. Rep. 629.) The granting of new trials being largely a matter of judicial discretion, the order in this case should be sustained for the reason above indicated.

It may be added as a general proposition that, where the trial court considers that the jury may have been misled, or not sufficiently instructed to enable them to discharge their duty with an intelligent understanding of the law, the granting of a new trial should not be reversed, unless it is very apparent that the grounds upon which the court acted were without reasonable foundation.

The question arose upon the trial as to the responsibility of a railroad company for injuries arising from the operation of its road by a lessee, the lessor company being legally authorized to lease its road. Any opinion upon this point which we might express would not affect the decision of this appeal, and, as the question is not fully considered in the brief presented on the part of the respondent, we deem it inexpedient to decide so important a question without such aid as further investigation and argument on the part of counsel may afford.

Order affirmed.