WILLIAM H. WILCOX v. MUTUAL FIRE INSURANCE COMPANY OF
MINNESOTA.[1]

December 5, 1900.

Nos. 12,264—(33).

**Assignment of Error—New Trial Granted.**

An assignment of error that "the court below erred in granting plaintiff's motion for a new trial" is as specific as it can well be made, and is sufficient.

**Fire Insurance—Loss Payable to Mortgagee—Burden of Proof.**

When an insurance policy is made payable in case of loss to a certain person named therein, "as his interest may appear," the burden of proof is upon such person to show his right, title, or interest in and to the mortgaged property in case of its destruction by fire, and a controversy with the insurance company.

**Same—Loss upon Personal Property.**

If such person is the mortgagee named in a mortgage upon real property covered by the policy, he is not entitled to recover on the policy, by virtue of the mortgage alone, for a loss which has occurred to insured personal property, although the same may have been upon the real estate when insured and when destroyed. If, as a matter of fact, that which upon the face of the policy appears to have been personal property was part of the real property, it is incumbent upon the mortgagee to show it.

**Order Granting New Trial Reversed.**

*Held,* in the case at bar, that plaintiff wholly failed to establish his right to recover, except as to the amount mentioned in the first item in the policy, and for that reason the court erred in granting plaintiff's motion for a new trial.

**Same—Duty of Counsel.**

*Held,* further, that if the new trial was granted on account of an error of law or fact prejudicial to plaintiff, and not referred to by the counsel for defendant, it was the duty of plaintiff's counsel to point out the error.

Action in the district court for Hennepin county on a fire insurance policy. The cause was tried before Simpson, J., who found in

[1] Reported in 84 N. W. 334.

favor of plaintiff. From an order granting a motion for a new trial, defendant appealed. Reversed.

*Smith & Parsons,* for appellant.

*Uri L. Lamprey* and *Henry C. James,* for respondent.

COLLINS, J.

This was an action upon an insurance policy, tried to the court without a jury, and upon findings of fact, judgment was ordered in favor of the plaintiff for $250 and interest. The owners of the property (Hecklin & Stark) were the parties insured, but according to the terms of the policy the amount of loss, if any, was made payable to this plaintiff "as his interest may appear." The items of insurance as stated in the policy were as follows:

(1) "$250.00. On the three-story and basement frame, metal roof, flour-mill building, and additions thereto, including engine and boiler building, platforms attached, grain bins, and all permanent fixtures other than machinery situate on block five, Haine's addition to New Paynesville, Stearns county, Minnesota." And (2) "$750.00. On fixed and movable machinery and attachments, shafting, belting, gearing, pulleys, scales, brands, millwright work, and all machinery, foundations and settings, tools and improvements of trade, all while contained in the above-described buildings and building adjoining."

The amount of judgment ordered by the court in plaintiff's favor was concededly on account of the first item only, the court being of the opinion that he had not shown any interest in or to any part of the property covered by the second item. The plaintiff alleged in his complaint that he was a mortgagee, by virtue of a duly-recorded mortgage executed and delivered by Hecklin & Stark prior to the issuance of the policy upon the real property described in the first item therein, and also that, subsequent to the fire and to the making of proofs of loss, Hecklin & Stark had duly assigned, transferred, and set over all of their interest and their rights thereunder to him.

The court found, among other things, that on or about May 24, 1897, and subsequent to the loss and to the proofs thereof, but prior to the assignment referred to, the defendant insurance company and Hecklin & Stark had a settlement of the claim made by the latter on account of the fire, and that after said settlement, and as a part

thereof, and by the payment of a certain sum of money, Hecklin & Stark discharged and released the defendant from all claims arising on account of the insurance. As before stated, judgment was ordered for plaintiff for the amount of the first item. The plaintiff then duly moved for a new trial, upon two grounds: First, that the decision was not justified by the evidence, and was contrary to law; and, second, for errors of law occurring at the trial, and duly excepted to by the plaintiff. This motion was granted, and defendant appealed; the only assignment of error being that "the court erred in granting plaintiff's motion for a new trial."

1. It is contended by counsel for the plaintiff that this assignment of error is insufficient, because too general to be of any avail, and a number of cases are cited in which it has been held that an assignment that "the court erred in denying the motion for a new trial" is insufficient. These cases are not in point, for a very clear distinction can be pointed out between this general assignment of error in cases where the trial court has denied a motion for a new trial, and where a motion has been granted. We are of the opinion that the assignment of error is good, for, from the very nature of things, it is impossible to make it more specific. The assignment is analogous to that considered in Ermentrout v. American F. Ins. Co., 60 Minn. 418, 62 N. W. 543, in which it was held that an assignment "that the court erred in granting defendant's motion to dismiss the action" was sufficient, and the line of argument used in that case is pertinent here. We also direct attention to the case of Brown v. Warren, 16 Nev. 228.

2. Under the assignment of error mentioned, counsel for defendant argued that the decision of the court below was strictly correct, because the only interest in the insured property shown by the record to be held by the plaintiff was simply and solely that of a mortgagee of real estate, and therefore he was only entitled to recover the amount mentioned in the first item of the insurance policy, not having established any other or greater interest. It is contended that the property covered by the second item of the policy might be real or personal property, according to the manner in which the articles mentioned were connected with or affixed to the real estate, and that there was an entire lack of testimony tending to show

whether or not the property was in fact covered by the mortgage. We think it very evident from the policy itself that a part at least of the property mentioned in the second item was personal property, and consequently not covered by the real-estate mortgage. If so, the plaintiff failed to prove that he had any interest in the same, for he relied upon his interest as a mortgagee, except as hereinafter noted. The burden of proof was on the plaintiff to show his right, title, or interest in the insured property.

We have referred to the fact that, according to the findings, Hecklin & Stark assigned all of their rights under the insurance policy to the plaintiff before the commencement of this action; but this finding is of no avail to the plaintiff, in view of the other finding, also mentioned, to the effect that prior to this assignment the defendant and Hecklin & Stark had fully settled all matters of dispute between them, and that defendant had paid the amount agreed upon in settlement in full for all claims against it held by virtue of the policy. With this last finding, it is evident that Hecklin & Stark had at the time nothing to assign, and that plaintiff obtained nothing through the assignment. Hecklin & Stark had previously settled with the defendant company, and, for value, had discharged it from all claims held by them under the policy. According to these findings, plaintiff's right to recover rested wholly upon the clause in the policy whereby the loss was made payable to him as his interest in the insured property might be made to appear, should loss occur.

It has been suggested in the brief of plaintiff's counsel that a new trial was granted on account of an error of law committed during the trial, or in the findings, prejudicial to their client, and not referred to by defendant's counsel; but, even if this is the fact, the order must be reversed. If there was such error, it was the duty of counsel to specifically point it out, in order for us to affirm. Nothing of that kind has been done. It is not incumbent upon the court to examine the record in order to find some error of law or fact upon which the lower court based its order for a new trial, and

81 M.—31

which would justify an affirmance here, notwithstanding the contention of defendant's counsel as to the manifest error.

Order reversed.