EDWARD E. GRIMES and Another v. MINNEAPOLIS,
ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC
TRACTION COMPANY.[1]

July 9, 1915.

Nos. 19,290—(200).

**New trial — charge to jury — discretionary order.**
>    The rule laid down in Demueles v. St. Paul & N. P. Ry. Co. 44 Minn. 436,
> that an order granting a new trial on the ground of prejudicial instructions
> to the jury rests in the sound judgment of the trial court, to be disturbed
> on appeal only when clearly without substantial foundation for the con-
> clusion of prejudice, followed and applied.

Action in the district court for Rice county to recover $3,000
for breach of contract.    The case was tried before Childress, J., who
when plaintiffs rested denied defendant's motion to dismiss the
action, and a jury which returned a verdict for $2,500.    Defendant's
motion for judgment notwithstanding the verdict was denied and its
motion for a new trial was granted.    From the order granting the
defendant's motion for a new trial, plaintiffs appealed.    Affirmed.
   *George S. Grimes* and *Gordon Grimes,* for appellants.
   *M. H. Boutelle* and *R. T. Boardman,* for respondent.

BROWN, C. J.
Plaintiffs conveyed to defendant a right of way over and across
lands owned by them, for the "consideration of one dollar, and
other valuable considerations to them in hand paid."    The land,
situated in Dakota county, borders on the corporate limits of the
city of Northfield, in the county of Rice.    Plaintiffs claim that at
the time the right of way was so conveyed, of which defendant has
taken possession and constructed its railroad thereon, as a part of
the consideration for the conveyance, defendant agreed to locate a
station upon plaintiffs' land, and construct thereon a station build-

[1] Reported in 153 N. W. 596.

ing. Defendant failed and refused to construct the station, and plaintiffs brought this action to recover damages for the alleged breach of the contract. Plaintiffs had a verdict, and defendant moved the court for a new trial on various grounds including error in the charge to the jury. The court held that the instructions complained of were substantially prejudicial to the rights of defendant and for that reason granted a new trial. Plaintiffs appealed.

The principal issue of fact on the trial below was whether defendant had agreed to locate and construct a station on plaintiffs' land or, as contended by defendant, a loading platform without a station. The court below charged the jury that if the agreement was limited to the construction of a loading platform plaintiffs could not recover, but if the jury found the agreement to be one for the location and construction of a station upon the land, plaintiffs were entitled, as damages, to the difference between the land with and without such station. The evidence shows a substantial difference between a loading platform and a station and a corresponding difference in the damages suffered by plaintiffs, the injury being much less for the failure to construct a loading platform, if that was in fact the agreement. The instruction that plaintiffs could not recover if the contract called for a loading platform only was an inadvertence, for there was no claim that such platform had been constructed prior to the commencement of the action.

In disposing of the appeal we apply the rule stated by Mr. Justice Dickinson in Demueles v. St. Paul & N. P. Ry. Co. 44 Minn. 436, 46 N. W. 912, as follows:

"It may be added as a general proposition that, where the trial court considers that the jury may have been misled, or not sufficiently instructed to enable them to discharge their duty with an intelligent understanding of the law, the granting of a new trial should not be reversed, unless it is very apparent that the grounds upon which the court acted were without reasonable foundation."

The rule as thus expressed has been followed and applied in other cases. Braley v. Byrnes, 21 Minn. 482; Howard v. Illinois Central R. Co. 114 Minn. 189, 130 N. W. 946; Hartikka v. D. G. Cutler Co. 117 Minn. 344, 135 N. W. 1005. It seems clear that the

learned trial court was correct in the conclusion that the instructions referred to were prejudicial. Plaintiffs had conveyed their land to defendant in consideration that defendant would locate thereon either a station, or a loading platform for the convenience of plaintiffs. By saying to the jury that, if the contract called for a loading platform only, plaintiffs could not recover, the jurors were put in the position of returning a verdict for defendant unless they found the contract to be one for the location of a station. It may readily be understood, from the viewpoint of the jurors, that they could not see the justice of permitting defendant to keep the right of way and pay nothing for it, and they naturally concluded, since under the instructions plaintiffs could not recover for a failure to construct a loading platform, that a station was what plaintiffs in fact contracted for, and returned their verdict accordingly. It is not material that the instruction as to the loading platform was favorable to defendant. No request therefor had been made, and excluding liability on that ground necessarily confused the jury and may have been a substantial factor in the result reached. What their conclusion would have been had they been permitted to consider the case from the standpoint of a loading platform, is of course at this time a matter of conjecture. But that view of the case should have been submitted to them. Defendant's exceptions to the charge were sufficient to call the court's attention to the error.

This disposes of the case and renders a consideration of the other questions unnecessary. It is doubtful whether the question of the measure of damages was raised in a manner to entitle it to consideration at this time. In any event we pass it without further comment.

Order affirmed.