# PEARL M. SINGER v. O. N. BOSSINGHAM.[1]

May 5, 1922.

No. 22,746.

**New trial because trial court deemed charge to jury misleading.**

> An order granting a new trial for what the trial court deemed to have been a misleading instruction to the jury, will not be disturbed upon appeal unless there was an apparent abuse of discretion in granting it.

Action in the district court for Lincoln county to recover $25,000 for malpractice. The case was tried before Olsen, J., and a jury, ten members of which returned a verdict in favor of defendant: "No cause of action." From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*Moore, Oppenheimer, Peterson & Dickson* and *Louis P. Johnson,* for appellant.

*Thor B. Ostensoe, W. R. Duxbury* and *Ole Ostensoe,* for respondent.

QUINN, J.

Plaintiff and her husband were staying with plaintiff's mother at Lake Benton, this state, in March, 1919. Defendant was a physician and surgeon engaged in the practice of his profession at that place. He was called to attend plaintiff during her confinement. This action was brought to recover damages for alleged malpractice. There was a verdict in favor of the defendant. From an order granting plaintiff's motion for a new trial, defendant appeals.

Plaintiff was delivered of a child on March 23, 1919. Defendant was in attendance. He used obstetrical forceps in the delivery. He attended plaintiff until the evening of March 28, when he accompanied another patient to St. Paul, leaving plaintiff under the care of a nurse. He returned March 30, but another physician, Dr. Bursheim, had been called and was in attendance upon the case. Defendant did not again see the patient.

[1]Reported in 188 N. W. 155.

Dr. Bursheim was called as a witness at the trial and testified that he first saw Mrs. Singer as a patient on March 30 between 5 and 6 o'clock in the morning; that she had a temperature of 105.6, her abdomen was distended and her elbow, wrist, fingers and right leg red and inflamed; that there was a very distinct odor; that he diagnosed the case as septic poisoning; that he removed a portion of the placenta about two inches long, an inch and a half wide and a half to three-quarters of an inch thick, which was partly decayed; that he had listened to the testimony given upon the trial as to the treatment which the patient received, and that if true the treatment was bad practice.

The negligence set forth in the complaint is that defendant failed to sterilize the forceps and thereby introduced sepsis into the uterus, resulting in blood-poisoning; also that he was negligent in that he failed to remove portions of the placenta, and that he failed in his professional duties in leaving plaintiff in the condition she was on Friday night, March 28.

There was testimony that the plaintiff had bowel trouble, a temperature and chills, accompanied with a headache, during the time defendant was treating her, indicating a septic condition. The defendant testified that the patient had some temperature and a slight headache during the week, but that he attributed it to the bowel trouble, and that when he left her Friday night her temperature was normal. All of the extenuating circumstances were threshed out before the court and jury and a verdict returned in favor of the defendant. After a careful consideration of the entire record the learned trial court granted the motion for a new trial, upon the sole ground of errors in law occurring at the trial and not upon the ground of insufficiency of the evidence. The rule is well settled in this state that an order granting a new trial upon the ground of errors in the charge, for what the court deemed to be a misleading or insufficient instruction to the jury, will not be disturbed upon appeal unless it is apparent that such apprehensions were without reasonable foundation. Braley v. Byrnes, 21 Minn. 482; Fairchild v. Rogers, 32 Minn. 269, 20 N. W. 191; Demueles v. St. Paul & N. P.

Ry. Co. 44 Minn. 436, 46 N. W. 912; Grimes v. Minneapolis, St. P. R. & D. Elec. T. Co. 130 Minn. 285, 153 N. W. 596.

In submitting the case to the jury the trial court gave the sixth and seventh requests of the defendant, which are as follows:

Sixth: "You are instructed that the testimony is insufficient to support a verdict in favor of the plaintiff and against the defendant on the charge in the complaint that the defendant negligently quit his professional service for and in behalf of the plaintiff and went therefrom to St. Paul and thereby neglected the care and attention of the plaintiff, Pearl M. Singer, and you are not permitted to find a verdict on that charge in the complaint."

Seventh. "You are instructed that the testimony is insufficient to support a verdict in favor of the plaintiff and against the defendant on the charge in the complaint that the defendant negligently failed to diagnose and treat the plaintiff and you are not permitted to find a verdict in favor of that charge of negligence in the complaint."

Four physicians testified upon each side of this controversy. The issues were contested on the trial step by step. The litigants were entitled to have all the issues fully and fairly submitted to the jury for it to pass upon. The trial court after due deliberation concluded that they had not been so submitted. We agree with that conclusion.

The testimony of Dr. Bursheim as to the condition in which he found the plaintiff within 36 hours after the defendant last visited her, stands undisputed in the record. He testified in effect that when he was called he found the plaintiff suffering from septicemia, that is, blood-poisoning following childbirth, that puerperal sepsis had found lodgment in the right arm, resulting in ankylosis of the ulna and radius, a disability of the wrist and impairment of the right hand and fingers, indicating an infection starting in the placenta, and that she was in a semiconscious condition due to the infection and so far gone that he did not dare to give her an anaesthetic. Such a condition, coupled with the testimony that the patient suffered with a temperature and chills during the time the defendant

was treating her, rendered the propriety of his leaving on Friday night a question for the jury. In this regard defendant testified that it was not necessary for him to go to St. Paul, but that a relative of the patient he accompanied insisted that he go. Under this view of the situation the court would have been justified in refusing to give the sixth request. With reference to the seventh request, it is conceded that, during the week defendant was attending the patient, she had a temperature with a slight headache and that he attributed that condition to the bowel trouble. This, when considered in connection with the testimony that the patient had quite a temperature accompanied with headaches and chills during that time, fairly made a question for the jury as to whether defendant was in the exercise of proper care and skill in diagnosing and treating his patient.

It follows that the trial court was clearly within its discretion in granting a new trial.

Affirmed.