CLARISSA B. SULLIVAN v. MINNEAPOLIS STREET RAILWAY COMPANY.

D. J. SULLIVAN v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

October 27, 1922.

Nos. 22,937, 22,938.

**When grant of new trial because of errors in charge will not be reversed on appeal.**

Where the trial court grants a new trial on account of errors occurring in its instructions to the jury, the order will not be reversed, unless it appears that the conclusions of the trial court were manifestly without foundation.

Two actions in the district court for Hennepin county, one by the wife to recover $25,000 for personal injuries, and the other by the husband to recover for expenses and loss of services of his wife. The cases were tried together before Molyneaux, J., who at the

[1] Reported in 190 N. W. 261.

close of the testimony denied defendant's motions for directed verdicts, and a jury which returned a verdict in favor of defendant in each action. From orders granting plaintiffs' motions for new trials, defendant appealed. Affirmed.

R. T. Boardman, for appellant.

Ernest Malmberg and Mead & Bryngelson, for respondents.

QUINN, J.

Two actions tried together. Respondents are husband and wife. Mrs. Sullivan brings her action to recover for personal injuries; the husband for expenses and loss of services. Separate verdicts were returned in favor of appellant. A new trial was ordered in both cases, on account of errors of law occurring at the trial. Defendant appeals.

The street car on which Mrs. Sullivan was a passenger at the time of the alleged accident and injury was coming north on Nicollet avenue in the city of Minneapolis. The car was crowded and there was no place for her to sit down. She remained standing in the rear part of the car. It had been raining and the pavement was wet. It was about 7:45 on the morning of May 4, 1920. Respondent claims that, when the car approached Fourteenth street on its northward course, it came to a sudden stop, throwing her down and causing the injuries complained of. She testified very positively that the sudden stop of the car occurred at the point above referred to. She was the only witness who so testified. The appellant claims that the car did not stop or slacken its speed at that point, but that as the car approached Thirteenth, or Grant street, it slowed down to 5 or 6 miles an hour, and, as it was rounding the curve onto Thirteenth street, an ice cream truck standing by the curb suddenly started up in front of the street car, and, to avoid an impact with it, the motorman reversed the motor on the street car and brought the car to a sudden stop, and that if Mrs. Sullivan received a fall while on that car, as she claims, it must have been at this point. The theory of the appellant is that it became necessary under the circumstances for the motorman to reverse his motor and stop his car just as he did to avoid hitting the truck, and that he

was in no way negligent in so doing, and for that reason the company is not liable. It was upon this theory that the trial court submitted the case to the jury.

The court, in effect, instructed the jury, among other things, as follows:

"There is no evidence that he was approaching that corner, that is, the corner where he turned from Nicollet to Grant, at a negligent rate of speed or in a negligent manner. If he (the truckman) approached out in front of him, he had to make an emergency stop, I instruct you now that that was not negligence on the part of the defendant. I wish it to be clearly understood by you that if the accident happened as the motorman stated, you are to return a verdict for the defendant."

Again:

"I instruct you that there is no evidence that he approached that corner negligently or that he operated the car negligently in making that emergency stop, and if it happened that way, you are to return a verdict for the defendant."

The motorman testified that as he crossed Fourteenth street he saw the ice cream truck standing near the curve at the corner of Grant and Nicollet avenue; that he was then running the car at the rate of about 10 or 12 miles per hour; that his car would not have struck the truck where it was; that its starting suddenly in front of his car made it necessary for him to reverse the motor and bring the street car to a sudden stop, and that it did not slacken its speed as it approached Fourteenth, nor until it approached the curve on Grant street. We think it was for the jury to say whether the motorman so handled his car as not to be guilty of negligence in avoiding an impact with the ice cream truck. He knew of the presence of the truck at the curb and that the track was wet and slippery, and whether he was negligent under these conditions in rounding the curve and in stopping his car in the manner he did, was for the jury to consider in the light of all the circumstances. However, it is a well established rule in this state that, when the trial court grants a new trial on the ground of erroneous instruc-

tions, its decision is almost entirely discretionary. Demueles v. St. Paul & N. P. Ry. Co. 44 Minn. 436, 46 N. W. 912; Braley v. Byrnes, 21 Minn. 482; Nelson v. Thompson, 23 Minn. 508; Fairchild v. Rogers, 32 Minn. 269, 20 N. W. 191; Grimes v. Minneapolis, St. P. R. & D. Elec. Traction Co. 130 Minn. 285, 153 N. W. 596; Hartikka v. D. G. Cutler Co. 117 Minn. 344, 135 N. W. 1005. The granting of a new trial under the circumstances, was well within the discretion of the trial court.

Affirmed.