## J. O. SYLVESTER v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 8, 1922.

No. 23,145.

**New trial because of misleading charge to jury.**

    1. An order granting a new trial for error in the instructions of the trial court which were deemed misleading and therefore prejudicial sustained as within the rule applied in Demueles v. St. Paul & N. P. Ry. Co. 44 Minn. 436.

**Negligence of principal not imputable to agent.**

    2. The rule of imputed negligence as between those engaged in a joint enterprise *held* inapplicable to the facts here presented, the relationship between the parties being that of principal and agent, with no showing of a right of control by the agent in respect to the conduct of the principal, whose negligence was sought to be imputed to him.

**Defendant's negligence may appear on another trial.**

    3. The evidence is *held* not to conclusively negative negligence on the part of defendant.

Action in the district court for Ramsey county to recover $25,000 for injuries received in a collision with defendant's street car. The case was tried before Olin B. Lewis, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*W. D. Dwyer* and *C. J. Menz,* for appellant.

*Cowern & Jesmer* and *S. A. Anderson,* for respondent.

BROWN, C. J.

Action for personal injuries alleged to have been received by plaintiff as a result of a collision between one of defendant's street cars and an automobile in which plaintiff was riding, the cause of the

[1]Reported in 191 N. W. 46.

collision being charged by plaintiff to the negligence of defendant. The jury returned a verdict for defendant which the trial court set aside with a new trial on motion of plaintiff on the ground of error in the charge to the jury. Defendant appealed.

1. The new trial was granted on the ground that certain instructions to the jury upon one feature of the case, as presented by the evidence, were prejudicial, because misleading and not sufficiently specific to enable the jury intelligently to determine the issue submitted. The order must be sustained under the rule stated in Demueles v. St. Paul & N. P. Ry. Co. 44 Minn. 436, 46 N. W. 912, as one resting in the sound discretion of the trial court. The rule has frequently been followed and applied in later cases. Sullivan v. Minneapolis St. Ry. Co. supra, page 301, where they are cited. In the case at bar the instructions complained of were not entirely clear, and the conclusion of the learned trial judge that they were misleading and therefore prejudicial cannot be disturbed. 2 Dunnell, Minn. Dig. § 7166; Singer v. Bossingham, 152 Minn. 111, 188 N. W. 155. That error of the court was the sole ground for the new trial, and the order is therefore appealable.

2. Considerable attention was given by counsel on the argument, as well as in the briefs, to the question whether plaintiff and the driver of the automobile were at the time engaged in a joint enterprise, so that the negligence of the driver must be imputed to plaintiff. In view of a new trial we have considered this feature of the case and from the record conclude that the evidence does not present that question; the evidence is insufficient to justify a submission thereof to the jury. The relationship between the parties, the driver of the automobile and plaintiff, was that of principal and agent. The business in hand at the time was the sale or lease of certain land owned by the principal, which it is claimed had been listed with plaintiff, the agent, for sale. They had taken a prospective purchaser to the land for inspection, and were going to or returning therefrom at the time of the accident. The principal owned and operated the automobile, in the management and control of which the agent had no voice in directing the movements thereof or otherwise. It seems clear that the law of imputed negligence as between those engaged

in a joint enterprise can ordinarily have no appropriate application to the relation of principal and agent, any more than as between master and servant, though both be jointly engaged in the prosecution of the principal's business. In that relation the agent is wholly without authority or power over the principal and the law imposes upon him no duty or obligation to assume the right to dictate to him. The case does not therefore come within the rule invoked. Koplitz v. City of St. Paul, 86 Minn. 373, 90 N. W. 794, 58 L. R. A. 74; 2 Dunnell, Minn. Dig. § 7038. What the evidence may show on another trial cannot be foretold, and we are not to be understood as holding that in no case can the rule be made to apply between parties sustaining the relation to each other of principal and agent.

3. The contention of defendant that the error in the charge of the court for which a new trial was granted was without prejudice, for the reason that the evidence conclusively exonerates defendant from the charge of negligence, is not sustained. Although the evidence presented by the record clearly justified the verdict in defendant's favor, it should not be regarded on this appeal as conclusive on the subject. Other evidence may be produced on another trial to fully supply deficiencies now appearing.

Order affirmed.