## MILDRED DAVIS v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 23, 1927.

No. 26,321.

**Negligence of motorman—instructions to jury—size of verdict.**

In the collision between an automobile and a street car at a street intersection, plaintiff, a passenger in the automobile driven by her husband, was injured. In this action to recover the damages sustained, it is *held*:

[1] The evidence made defendant's negligence a jury issue and sustains the verdict in that respect.

[2] Under the evidence the driver's negligence in the operation of the automobile could not be imputed to plaintiff; hence the use of a wrong word in an instruction relating to the driver's duty in an emergency is not ground for a new trial, even if appellant were in a position to assign error thereon, which it is not, having failed to call attention thereto before the jury retired.

[3] The requested instructions so far as proper were covered by the charge.

[4] The verdict is not so large that the inference must be that passion or prejudice moved the jury.

Appeal and Error, 3 C. J. p. 843 n. 67; p. 846 n. 80.
Damages, 17 C. J. p. 1096 n. 95; p. 1116 n. 10.
New Trial, 29 Cyc. p. 788 n. 3.
Street Railroads, 36 Cyc. p. 1611 n. 65.

---

See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L Supp. 480; 6 R. C. L. Supp. 521.

[1]Reported in 217 N. W. 99.

Defendant appealed from an order of the district court for Hennepin county, Reed, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.

*Chester W. Johnson* and *A. A. Tenner,* for respondent.

HOLT, J.

Defendant appeals from the order denying its alternative motion for judgment or a new trial.

[1] On November 9, 1925, a collision occurred between a Ford sedan and defendant's street car on Chicago avenue and Twenty-sixth street in Minneapolis, in which plaintiff was injured. The Ford car was driven by her husband. She was seated to his right. As the Ford was proceeding west on Twenty-sixth street to cross Chicago avenue it struck or was struck by defendant's street car going north. Defendant was charged with negligence in approaching and passing the crossing rapidly and without warning. The answer set up the negligence of plaintiff and of the driver of the automobile as a defense.

The testimony adduced by plaintiff would permit the jury to find that the automobile came to a stop before entering Chicago avenue because a street car going south was approaching the intersection, but as soon as the driver of the sedan observed that the street car was coming to a stop to discharge passengers before crossing he started across, having the right of way over streets cars traveling north, and that as the sedan was near the first rail a street car going north at a rapid rate struck the left front of the sedan, the glass of the windshield cutting plaintiff in several places, a sliver piercing the left eyeball.

The testimony produced by defendant would permit the jury to find that the driver of the sedan ran into the rear door of the front exit when the street car was nearly across the intersection, over which it was operated slowly, or in other words, that the sole proximate cause of the collision and injury to plaintiff was the negligent operation of the sedan by her husband. It thus appears that

the testimony as to how the accident occurred is in irreconcilable conflict.

There is some inconsistency in the position assumed by plaintiff and her witnesses. For instance, she would have it that a street car going south was about to make a near stop at Twenty-sixth street, even though her main witnesses were at the far stop for a northbound car, the car that came in contact with the sedan, to place a bundle of newspapers thereon to be carried to Franklin avenue. At present there is a near stop for street cars going in either direction. Formerly it was a far stop for both, and no doubt was so at the time of the accident. Nor are all of plaintiff's witnesses in agreement as to the distance within which the street car was stopped. Some would have it stop within such short distance as to demonstrate that its speed was not excessive. Upon the evidence now before us, there would be no escape from holding, as a matter of law, the driver of the sedan guilty of contributory negligence barring a recovery were he plaintiff.

[2] But under our decisions the contributory negligence of plaintiff's husband is not imputed to her. 4 Dunnell, Minn. Dig. (2 ed.) § 7038, and authorities there cited. She may therefore recover though her husband's negligence contributed to cause her injury, provided the proof also shows defendant's negligence a contributing cause. We think there was such proof to go to the jury. Defendant recognizes the Twenty-sixth street crossing to be dangerous. Chicago avenue slopes slightly towards that crossing from both directions. Traffic is heavy upon both streets. Defendant, by a red sign hung over the crossing, directs the motormen to approach and cross at very low speed. The jury could find that the sedan entered the crossing first. If so, it had the right of way; and had the street car been run at a speed such as defendant indicated by the sign or at a reasonable speed, a collision would have been avoided. Defendant's negligence was for the jury.

We see nothing at all to criticize in the court's suggesting that a witness have in mind the scale of the map upon which he was asked to locate objects at the collision. And appellant ought not to complain because the court, on its own motion, struck out the conclu-

sion of a witness as to what the driver of the sedan noticed, a conclusion favorable to plaintiff and unfavorable to appellant.

[3] Error is assigned upon a part of the charge containing this clause:

"And had they looked and seen this street car approaching from the left they, being on the right, had a right to assume that the driver of the street car would obey the law and yield to them the right of way, and they had a right to continue on their way until it was apparent to them that an accident was inevitable and then it was the duty of the driver of the automobile to do all within his power to avoid the collision."

The particular objection is to the word "inevitable." Had "likely" or an equivalent expression been used instead of "inevitable" the thought expressed would be legally accurate. The use of a wrong word ought not to result in a new trial for two reasons. At the close of the charge the court invited corrections. No suggestion of any verbal inaccuracy was made by either party. At most an inapt word was used, which, it must be assumed, the court would have been ready to correct if attention had been called thereto. 6 Dunnell, Minn. Dig. (2 ed.) § 9798, and the numerous cases there cited. The use of the word "inevitable" here can be of no greater importance than the omission of the word "materiality" in Greenfield v. Unique Theatre Co. 146 Minn. 17, 177 N. W. 666; Kowalski v. C. & N. W. Ry. Co. 159 Minn. 388, 199 N. W. 178.

The other reason is that the whole sentence in which the objectionable word is found is applicable under the evidence to the conduct only of the drivers of the colliding vehicles. There is no evidence which would justify the submission of the issue of plaintiff's contributory negligence to the jury. She was seated to the right of her husband, and hence had not the same opportunity to notice a street car approaching from the left as he did. Common experience has proved that at ordinary street crossings the safest course is for the passengers in an automobile not to interfere with the driver. There was nothing in the situation here to warrant the jury in finding that plaintiff was negligent in not noticing or giving

warning to her husband of the approach of the street car. His negligence could not be imputed to her. If, as defendant claims, the sedan was driving right into a street car in open view, plaintiff had as much reason as the motorman to believe that her husband would stop or turn to the right in time to avoid a collision. If, as plaintiff claims, the sedan had stopped at the sidewalk line, her position in the car and the usual trees and poles between the sidewalk and the curb prevented her seeing the approaching car to the left. The error in the use of the word "inevitable" does not warrant a new trial, for that instruction can apply only to the driver of the sedan for whose driving plaintiff, under the evidence, was not responsible.

Specific requests were made to withdraw from the jury certain injuries suggested by the evidence as resulting from the collision but as to which appellant deemed the proof legally insufficient. The court carefully and pointedly told the jury that, in considering damages for apprehended continuance in the future of the consequences of her injuries, the burden was on plaintiff to show with reasonable certainty that such consequences now exist and will continue in the future, and the nature and probable duration thereof; and in that connection instructed not to award damages for dizzy spells that may occur in the future nor for impairment or loss of sight to the right eye in the future. The foregoing sentence covers defendant's specific requests numbered 8, 9 and 10 in so far as they were proper.

The court had no right under the evidence to entirely eliminate the disturbing effect of the impaired vision of the left eye upon the right. The medical experts' testimony was that her sight would be better were the left eye removed; that its defective vision confuses or blurs the sight in the right, so there is a sympathetic involvement, at any rate, of the vision of the right eye. They, however, did not advise a removal.

The 5, 6 and 7 requests sought to exclude recovery for injury to the hearing, for concussion of the brain, and for impairment of mental faculties. We think these were correctly refused, for the testimony of Dr. Michael presented opinions upon which the jury had to pass in order to determine whether or not the collision

affected her hearing, disturbed her brain function, or lowered her mentality.  The latter, according to the testimony, was chiefly from brooding over the disfigurement caused by the scar upon the eye and the dread of loss of sight in case of accident to the other eye or its sympathetic involvement in the future, of which there is a possibility, but damages for which the court excluded, as above stated.

[4]  The claim is also that the verdict of $9,500 is so excessive as to indicate passion and prejudice to have actuated the jury.  The injury was serious and permanent.  Plaintiff is a young woman 31 years old.  A facial blemish of the sort she received undoubtedly causes mortification and may justify some damages on that score.  As to actual injury, the evidence is undisputed that the negligible vision remaining in the injured eye confuses and impedes vision of the good eye, and that the scar on the cornea next to the iris will always cause pain in the functioning of the involuntary muscles and nerves relating to the focusing of the eye.  This court cannot say that the verdict, approved by the trial court, is so large that the jury must have been influenced by passion and prejudice.

The order is affirmed.