# RUTH MINGO v. JOHN EXTRAND.[1]

May 23, 1930.

No. 27,855.

[1]Reported in 230 N. W. 895.

*Orr, Stark, Kidder & Freeman,* for appellant.
*Bauers, Carlson & Beveridge,* for respondent.

OLSEN, C.

The suit is one to recover damages for personal injuries claimed to have been caused by negligence of the defendant in operating his automobile. There was a verdict for defendant. On motion of the plaintiff the court granted a new trial on the ground of errors in its instructions to the jury, and defendant appeals.

Aside from the question of damages, the issues submitted to the jury were the usual issues of defendant's negligence and plaintiff's contributory negligence. In a portion of its charge the court said:

"Neither the defendant nor the plaintiff were bound to anticipate negligence or carelessness on the part of each other. All that could be required of either of them is to use ordinary care, as I have described it to you. Of course after either the plaintiff or the defendant was conscious or appreciated the immediate danger, then both of them were bound to use every possible precaution to prevent the happening of this accident."

The last sentence of this instruction is not an accurate statement of the law. Coming after the court had correctly defined the rule of ordinary care in other parts of the charge, it may have indicated to the jury that a different rule applied in a situation of conscious or appreciated danger. It was not correct in any event to say that if either party knew or appreciated the danger then both were bound to use every possible precaution. Again, to take every possible precaution to prevent an accident is a more exacting rule than is applied in ordinary negligence cases. It may be applicable to such cases as that of common carriers of passengers where the carrier is held to a very high degree of care, but does not apply in ordinary cases of negligence.

Negligence in ordinary cases is the failure to exercise such care as persons of ordinary prudence usually exercise under similar circumstances. The degree of care is that which persons of ordinary prudence usually exercise under similar circumstances. Kelly v. Southern Minnesota Ry. Co. 28 Minn. 98, 9 N. W. 588; O'Malley v. St. P. M. & M. Ry. Co. 43 Minn. 289, 45 N. W. 440; Hall v. C. B. & N. R. Co. 46 Minn. 439, 49 N. W. 239; Ready v. Peavy Elev. Co. 89 Minn. 154, 94 N. W. 442; Dahl v. Valley Dredging Co. 125 Minn. 90, 145 N. W. 796, 52 L.R.A.(N.S.) 1173; Roberts v. Ring, 143 Minn. 151, 173 N. W. 437; Loverage v. Carmichael, 164 Minn. 76, 204 N. W. 921; 45 C. J. 696. What is due or ordinary care varies with the circumstances of each particular case. It must be proportionate to the danger known or reasonably to be apprehended, commensurate with the risk of the situation. The greater the known or reasonably apprehended danger the greater the care required. But the standard remains the same. It is the ordinary or reasonable care which persons of ordinary prudence usually exercise under similar circumstances. 4 Dunnell, Minn. Dig. (2 ed.) p. 1057, § 6972, and cases there cited. That this was the degree of care required of this plaintiff must be conceded. Erd v. City of St. Paul, 22 Minn. 443; Kelly v. St. P. M. & M. Ry. Co. 29 Minn. 1, 11 N. W. 67; Craig v. Benedictine S. H. Assn. 88 Minn. 535, 93 N. W. 669; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Johnson v. Young, 127 Minn. 462, 149 N. W. 940; Johnson v. Schuler, 152 Minn. 137, 188 N. W. 271; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568; Turner v. M. St. P. & S. S. M. Ry. Co. 164 Minn. 335, 205 N. W. 213.

It is a question of ordinary or reasonable care in the situation and under the circumstances found by the jury to exist, at the time and place of the accident, in each particular case. The jury will best understand the applicable law and be least likely to be misled if the court gives them these simple rules and instructs them that in a situation of known or reasonably apparent danger the rule of ordinary care requires the exercise of all the care which ordinarily prudent persons would usually exercise under the same or similar circumstances. To say to the jury that a person charged with con-

tributory negligence, so situated, is bound to use every possible precaution or to do all within his power to prevent or avoid the accident takes away from the jury any consideration of the degree of the known or apparent danger and is likely to cause them to believe that a different rule of negligence than the exercise of reasonable care under the circumstances is to be applied.

■ Defendant relies upon the case of Davis v. Minneapolis St. Ry. Co. 173 Minn. 186, 217 N. W. 99. The court there had instructed the jury that, after it appeared that an accident was inevitable, then it was the duty of the driver of the automobile to do all within his power to avoid the collision. The particular objection there made was to the use of the word "inevitable." It was held that its use was incorrect, but that if the word "likely" had been used the thought expressed would have been legally accurate. Whether the court considered the correctness of the use of the words "do all within his power to avoid the collision" does not appear. The appeal there was by the defendant. The plaintiff was the wife of the driver of the automobile and riding with him in the car. The negligence of the driver of the car could not be imputed to the wife, and there was no question of contributory negligence in the case. The part of the instruction defining the duty of the driver of the car was favorable to defendant in that case and naturally would not be objected to. It was not intended by anything said in that case to hold that a plaintiff charged with contributory negligence owes any greater duty than to exercise such care and prudence as ordinarily prudent persons, confronted with the same known or reasonably apprehended danger, would usually exercise under similar circumstances. No other case has been called to our attention wherein this court has held that on an issue of contributory negligence any greater duty than that of ordinary care, as herein defined, rests upon the one charged with such negligence.

■ Defendant's counsel argues with much earnestness that the errors in this charge were mere inadvertences and, not having been called to the attention of the court at the time, plaintiff cannot now take advantage thereof. It is also urged that defendant pre-

sented a request which contained similar language to that used by the court. The request was not given. It did not contain the erroneous statement that if either plaintiff or defendant was conscious of the immediate danger then both were bound to use every precaution to prevent the accident. It did contain a statement that if either was conscious of the immediate danger then he was bound to use every possible precaution to prevent the accident. The charge in other respects did not follow the request presented. We cannot say that the errors were invited, and the trial court held that the errors were not mere inadvertences.

Many cases are cited where this court has applied the familiar rule that inadvertent misstatements in the charge, not called to the attention of the court and not shown to have misled or prejudiced the jury, do not call for the reversal of an order or judgment here. But these are all cases where the trial court had denied motions for a new trial. A different situation is presented where a motion for a new trial has been granted. The granting of such a motion is largely a matter of sound judicial discretion. Whether errors in the charge were prejudicial and likely to or did mislead or influence the jury are questions which the trial court is in a better position to determine than is the appellate court. Where there is error in the charge and the trial court deems such error prejudicial and ground for a new trial, it should require a clear showing of error or abuse of discretion to warrant this court in reversing. Braley v. Byrnes, 21 Minn. 482; Fairchild v. Rogers, 32 Minn. 269, 20 N. W. 191; Demueles v. St. P. & N. P. Ry. Co. 44 Minn. 436, 46 N. W. 912; Hartikka v. D. G. Cutler Co. 117 Minn. 344, 135 N. W. 1005; Grimes v. M. St. P. R. & D. Elec. Trac. Co. 130 Minn. 285, 153 N. W. 596; Singer v. Bossingham, 152 Minn. 111, 188 N. W. 155; Sullivan v. Minneapolis St. Ry. Co. 153 Minn. 301, 190 N. W. 261; Sylvester v. St. Paul City Ry. Co. 153 Minn. 516, 191 N. W. 46; 5 Dunnell, Minn. Dig. (2 ed.) p. 84, § 7166.

The assignment of error that the court erred in granting a new trial upon the ground of errors of law occurring at the trial was sufficient. Wilcox v. Mutual F. Ins. Co. 81 Minn. 478, 84 N. W. 334.

The evidence was not so conclusive in favor of defendant on either issue that the verdict must be sustained on that ground.

Order affirmed.

STONE, J. (concurring).

Concurring in the result, I am yet constrained to say that in my opinion our decision should be more guarded against any implication that, if the learned trial judge had considered the error in his charge one without prejudice and denied a new trial, a reversal would follow. Personally, I cannot see how the error under the circumstances of this case could have been at all prejudicial. But that point, I agree, may well rest on the decision below.

